UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THUAN D. VAN,

        Petitioner,

v.                                        Case No. 2:26-cv-154-JES-DNF

SHERIFF GLADES COUNT DAVID HARDIN,
et al.,

        Respondents.
_____

## OPINION AND ORDER

Before the Court are Petitioner Thuan D. Van's petition for writ of habeas corpus (Doc. 1) and the government's letter-response (Doc. 7).[1]  For the reasons below, the Court grants the petition to the extent set forth in this Order.

### I. Background

Van is a citizen of Vietnam who entered the United States without inspection in 2023. (Doc. 1 at 13).  He fled Vietnam fearing persecution and has applied for asylum with the immigration court. (Id.) at 14).  He lived in the United States until October of 2025, when he was apprehended by Immigration and Customs

---

[1] Instead of submitting a legal memorandum and documents relating to Petitioner's detention, Respondents offer a letter, dated February 1, 2026, in which counsel for Respondents asserts that Petitioner is lawfully held under 8 U.S.C. § 1225(b). (Doc. 7).  Counsel incorporates by reference the legal arguments made before this Court in Patel v. Parra, No. 25-cv-870-JES-NPM, Doc. 15 (M.D. Fla. Oct 22, 2025).

Enforcement (ICE). (Id. at 13). Petitioner does not have a criminal history. (Id.) He is currently held at the Glades County Detention Center in Moore Haven, Florida. (Id. at 2). He was denied bond for lack of jurisdiction by an immigration judge on December 12, 2025. (Id.)

Van is being detained under the mandatory detention provisions of 8 U.S.C. § 1225. (Doc. 7 at 1). He now argues, among other things, that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Doc. 1 at 17).

## II. Discussion

The core dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Van. The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas noncitizens detained under § 1226(a) have the right to a bond hearing before an immigration judge.

Section 1225(b)(1) establishes the procedures for expedited removal. It allows immigration officers to remove noncitizens "without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i). As expedited removal affords substantially fewer protections to the noncitizen's rights, the INA limits its applicability in two ways. First, noncitizens may be eligible for expedited removal "only if they are inadmissible on the basis that they either lack proper entry documents or falsified or misrepresented their

2

application for admission." Coalition for Humane Immigrant Rights v. Noem, --- F. Supp. ---, ---, 2025 WL 2192986, at *5 (D.D.C. 2025) (citing 8 U.S.C. §§ 1225(b)(1)(A)(i) and 1182(a)(6)(C), (a)(7)). And "[a]mong that set, only two categories of noncitizens are eligible for expedited removal: (1) noncitizens 'arriving in the United States,' and (2) noncitizens who 'ha[ve] not been admitted or paroled into the United States' and cannot affirmatively show that they have been 'physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility.'" Id. (quoting 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)).

Section 1226 of the INA also "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). But § 1226 provides additional safeguards, including the right to an individualized bond hearing. Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Noncitizens already in the country are treated differently than those seeking entry. As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance the Court

3

has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'" Leng May Ma v. Barber, 357 U.S. 185, 187 (1958) (quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953)); see also Zadvydas v. Davis, 533 U.S. 678, 693 (2001)("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). And until recently, DHS has treated aliens—such as Van—already present in the country as detained under § 1226 and entitled to bond hearings.[2]

Respondents argue that Van is properly detained under section 1225(b).[3] However, they make no cogent argument that he is subject

---

[2] The Government's recent about-face toward mass mandatory detention under § 1225 was blessed by the Board of Immigration Appeals ("BIA") in In re Yajure Hurtado. 29 I.& N. Dec. 216, 229 (B.I.A. 2025). But the Court owes no deference to the BIA's statutory interpretations. In 2024, the Supreme Court concluded that "agencies have no special competence in resolving statutory ambiguities. Courts do." Loper Bright Enters. v. Raimondo, 603 U.S. 369, 400–01 (2024). And "[c]ourts interpret statutes, no matter the context, based on the traditional tools of statutory construction, not individual policy preferences." Id. at 403.

[3] In Patel, the case relied upon by the Respondents in their letter-response, Respondents argued that the Court lacks jurisdiction to consider this petition and that Petitioner has not properly exhausted his administrative remedies. The Court rejected those arguments in Patel and in other recent cases presenting the same issues. See e.g., Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025). In those cases, the Court was satisfied of

to expedited removal. Van arrived in this country as a teenager and has resided here for more than two years. As a result, he is not eligible for "expedited" removal, and Respondents' authority to detain him stems from section 1226(a). As a noncitizen detained under section 1226(a), Van has a right to a bond hearing.

The Court will thus order Respondents to either bring Van before an immigration judge for a § 1226 bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. In other cases, Respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Van to mandatory detention under § 1225(b)(1) is unlawful. If Respondents are unable to ensure that Van timely receives the bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED**:

1. Thang D. Van's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2. Within **TEN (10) DAYS** Respondents shall either provide Van with the statutory process required under § 1226, which includes a bond hearing, or release him under reasonable conditions

---

its jurisdiction and determined that exhaustion was excused because it would be futile. The Court's reasoning on these issues also applies here.

5

of supervision.

3.  If Respondents release Van, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

4.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 4, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE